# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.    10-CR-020-002-GKF** |
| | ) | |
| **BOBBY RAY SCOTT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is defendant Bobby Ray Scott's Motion to be Taken to Serve the

Sentence Imposed by the United States District Court [Dkt. # 72]. Defendant, currently an

inmate of the Oklahoma Department of Corrections serving an aggregate 17-year sentence in

Tulsa County District Court Case Nos. CF-2009-4405 and 5464, requests an order directing the

U.S. Marshals Service to take defendant and remand him to the custody of the U.S. Bureau of

Prisons to serve the instant federal imprisonment term.

On October 13, 2010, defendant appeared for sentencing on a writ of habeas corpus ad

prosequendum from state custody following his plea of guilty to the assimilated state crime of

Burglary in the Second Degree on Indian Land, in violation of 18 U.S.C. §§ 13, 1151, 1152, and

21 O.S.A. §§ 1435, 1436. Defendant was sentenced to 24 months in the custody of the Bureau

of Prisons. [Dkt. #61].

At the time of sentencing, defendant was in state custody awaiting trial in Tulsa County

District Court Case No. CF-2009-4405, alleging two counts of distribution of controlled

substances, and Tulsa County District Court Case No. CF-2009-5464, alleging two counts of

kidnapping and three counts of robbery with a firearm. The Judgment and Commitment in this

case is silent with respect to whether the federal imprisonment term is to run concurrently or

consecutively with any sentence imposed in the Tulsa County District Court cases.  As a result, the sentence is deemed to run consecutively to any sentence imposed in the state cases.  *See* 18 U.S.C. § 3584(a) (multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently).

When sentenced on the instant case, defendant was in the primary custody of the State of Oklahoma awaiting trial in Case Nos. CF-2009-4405 and 5464.  Defendant was arrested by state authorities first in Case No. 4405 on September 8, 2009, then in Case No. 5464 on October 23, 2009.  He was ultimately convicted of one count of distribution of a controlled substance in Case No. 4405, and one count of robbery with a firearm in Case No. 5464.  On October 22, 2010, defendant was sentenced to a 10-year custody term in Case No. 4405 and a 17-year imprisonment term in Case No. 5464, to run concurrently with each other.  The state court further ordered both sentences to run concurrently with the federal prison term.

"Whether custody of a prisoner will be surrendered or retained is a matter of comity and is to be determined by the sovereign having custody."  *Gee v. Kansas,* 912 F.2d 414, 417 (10th Cir. 1990).  Under the principle of primary custody, "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant."  *Weekes v. Fleming,* 301 F.3d 1175, 1180 (10th Cir. 2002).  When two different sovereigns sentence an inmate for separate crimes, the sovereign that first arrested him acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied.  *United States v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002). *See also United States v. Evans,* 159 F.3d 908, 912 (4th Cir. 1998), and *United States v. Smith*, 812 F.Supp. 368, 371 (E.D. N.Y. 1993).

Writs of habeas corpus ad prosequendum have no effect on jurisdictional priority. *See Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir. 1992) and *Evans*, 159 F.3d at 912. Because the state first arrested defendant, it retains primary jurisdiction even though the federal court first sentenced him. Thus, the defendant will serve the state term first and the federal term will run consecutively, as provided by 18 U.S.C. § 3584(a). Such a determination is a "federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction." *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir.1991).

The State of Oklahoma always has and continues to retain primary jurisdiction and custody of defendant, and there is no evidence the state has relinquished its custody right.

Accordingly, defendant's Motion to be Taken to Serve the Sentence Imposed by the United States District Court [Dkt. # 72] is denied.

ENTERED this 7th day of March, 2012.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma